## E. J. ERWIN v. THE STATE.

No. 5134.   Decided March 3, 1920.

**1.—Aggravated Assault—Statement of Facts.**

Where the statement of facts was filed too late, the same could not be considered on appeal; however, it appearing on re-hearing, by affidavit of appellant, that the same was presented to the trial judge within the time fixed by law, the same will be considered.

**2.—Same—Recognizance—Practice on Appeal.**

Where, the appeal was dismissed on a former day of the term for want of sufficient recognizance, and thereafter a sufficient recognizance was supplied, the case is reinstated to be heard upon the record.

**3.—Same—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of aggravated assault, the evidence was sufficient to sustain the conviction, the court properly refused a peremptory instruction to acquit, and other requested charges being covered in the main charge which was applicable to the fact, the conviction is sustained.

Appeal from the Criminal District Court No. 2, of Dallas. Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of aggravated assault; penalty, a fine of $500..

*C. F. Greenwood,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $100.

The record is before us without a statement of facts. There were three special charges presented by appellant but refused by the court. In the absence of the statement of facts we are unable to review these questions, or to reach any definite conclusion as to any supposed error in their refusal.

We have said this much with reference to the record in its present condition, but in addition to this the recognizance is not in compliance with the law, in that it fails to state the amount, of punishment assessed by the jury. See Art. 923, Vernon's Ann. C. C. P., and the authorities thereunder collated on pages 887 and 888. Under this statute it is necessary, in order to have recognizance attach the jurisdiction of this court, that it must stipulate in the face of the recognizance the amount of punishment assessed by the jury. This recognizance does not do this. It recites that appellant was charged by indictment with the offense of aggravated assault, and was convicted of said offense, and then follows the requirements that he shall appear before the trial court from day to day and term to term in order to abide judgment of the Court of Criminal Appeals. Had the recognizance been sufficient, an affirmance would necessarily have followed in view of the condition in which the record is presented.

The appeal is dismissed.

*Dismissed.*

ON REHEARING.

January 28, 1920.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an aggravated assault. During a previous term this appeal was dismissed for want of sufficient recognizance. That matter has been

supplied, and, therefore, the order of dismissal will be set aside and the case reinstated to be heard upon the record.

Appellant filed a statement of facts, which is noted in the original opinion as not accompanying the record. This statement of facts was not filed in the trial court until the 8th of October, 1919. The case was disposed of on motion to dismiss on the record as it stood in June, 1919. The trial court adjourned its term on the 20th day of March, 1918. The statement of facts was filed October 8, 1919. This was something like one year and a half after the adjournment of the court. The court is of opinion the statement of facts can not be considered.

We are of opinion, on the record as reinstated, the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

ON REHEARING.

March 3, 1920.

LATTIMORE, JUDGE.—At a former term the appeal in this case was affirmed, and appellant presents the case at this time upon his motion for rehearing. The motion will be granted, to the extent of considering the statement of facts, as though the appeal had been originally properly perfected.

As originally presented, the appeal was without a statement of facts, it appearing from the record that the case was tried in the court below in January, 1919, and a statement of facts is presented which was filed in October, 1919; but the affidavit of appellant is before us, and not controverted, from which it appears that said statement of facts was presented to the trial judge within the time fixed by law for the approval and filing of such statement of facts, and we have, therefore, considered the same.

Appellant sought, by his special charge No. 1, a peremptory instruction in his favor, which was properly refused by the trial court.

By special charges Nos. 2 and 3, appellant sought instructions which were covered by the main charge. We are unable to agree with the contentions made in the exceptions reserved by appellant to the main charge, and believe the evidence sufficiently supports the verdict of the jury; and finding no error in the judgment of the trial court, the same is again affirmed.

*Affirmed.*